UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP CATALDO and
LOREN LAZUR,

    Plaintiffs,                                 Civil Action No. 19-CV-12723

vs.                                         HON. BERNARD A. FRIEDMAN

CITY OF ALGONAC,

    Defendant.
_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the Court on defendant's motion to dismiss [docket entries 5 and 6]. Plaintiffs have filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiffs allege that the City of Algonac has wrongfully obtained a state court order permitting it to demolish a house they own[1] at 121 Kenyon in Algonac, Michigan. Asserting claims of "fraud, illegal taking of real estate, and tortious interference with contractual relationship," plaintiffs seek "an Injunction Barring [the demolition], and to not be held responsible for any and all Costs incurred by the City of Algonac," plus reimbursement of "all Costs and Expenses." Compl. at unnumbered p. 6.

Defendant has attached to its motion a copy of a default judgment it obtained against plaintiffs on June 10, 2019, in St. Clair County Circuit Court. Def.'s Ex. D. That judgment states:

---

[1] The complaint alleges that plaintiff Lazur owns the house and that plaintiff Cataldo "has no interest" in it, Compl. ¶¶ 2-3, but elsewhere it alleges that demolition of the house "will result in the loss of value to Plaintiff(s)." *Id.* ¶ 17. For present purposes, the Court assumes that plaintiffs jointly own the house in question.

> IT IS HEREBY ORDERED AND ADJUDGED that a Default Judgment be, and hereby is, entered against defendants Lorenza V. Lazur and Philip J. Cataldo, Jr. and in favor of the Plaintiff City of Algonac, affirming the orders of its Dangerous Buildings Commission and City Council authorizing the demolition of any structure located at 121 Kenyon Drive, Algonac, Michigan 48001 (the "Property");
>
> IT IS FURTHER ORDERED AND ADJUDGED that a Judgment is entered in favor of the Plaintiff City of Algonac in the amount of the costs of enforcement and demolition incurred in this case and authorizing a lien on the Property to the extent those costs are unpaid by Defendants Lazur and Cataldo; . . .

This state court judgment, the authenticity of which plaintiffs do not challenge, deprives this Court of jurisdiction to entertain plaintiffs' complaint. Under the Rooker-Feldman doctrine, a federal court has no jurisdiction over a complaint that challenges a state court judgment or the state court proceedings associated therewith. As the Sixth Circuit has stated,

> [i]n *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000). We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486, 103 S.Ct. 1303; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

*Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002) (footnote omitted). The instant lawsuit is, in effect, nothing more than an improper federal-court challenge to a state-court judgment. If plaintiffs wish to challenge the state court's judgment, they must pursue whatever remedies are available to them in state court. They may not seek to overturn a state court judgment by challenging it in a separate action in federal court.

Additionally, defendant correctly argues that the state-court judgment in this matter is res judicata as to the City of Algonac's claim that plaintiffs' house is a dangerous structure and subject to demolition. Because that claim has been conclusively decided against plaintiffs, they are barred from litigating that claim again, whether in this Court or elsewhere.

For these reasons, the Court concludes that the complaint in this matter must be dismissed. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.


Dated: November 14, 2019      s/Bernard A. Friedman
      Detroit, Michigan      BERNARD A. FRIEDMAN
                              SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 14, 2019.

| Philip Cataldo and<br>Loren Lazur<br>50636 Jefferson Ave<br>New Baltimore, MI 48047-2314 | s/Johnetta M. Curry-Williams<br>Case Manager |
|---|---|